**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **James Baker and Cathy Baker**<br>**Plaintiffs**<br><br>**v.**<br><br>**Sam Fenton, individually and in his capacity As Mayor of Bristol Township;**<br>**James McAndrew, individually and in his Capacity as Bristol Township Police Chief**<br>**Don Lorady, individually and in his capacity As a Council Person of Bristol Township and As a Pennsylvania Constable;**<br>**John Lipsack, individually and in his capacity As a Pennsylvania Deputy Constable;**<br>**Karen Lipsack, individually and in her capacity As a Council person of Bristol Township;**<br>**Bristol Township and Bristol Township Police Department**<br>**Defendants** | : | **Civil Action No.** |

**COMPLAINT**

**Introduction**

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the Commonwealth of Pennsylvania, against the various defendant both individually and in their official capacities as elected officials and appointed law enforcement officers.

2. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1334, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

3. It is alleged that Defendants Mayor Fenton, Councilman Lorady and Deputy Constable Lipsack attacked Plaintiffs James and Cathy Baker and assaulted and battered the Plaintiffs without legal cause or excuse and subsequently conspired with

another appointed public official, Police Chief James McAndrew, to file criminal charges against James Baker to cover up the involvement of various township officials and the spouse of a township official in the assault.

**Parties**

4. James and Cathy Baker are husband and wife and at all material times were residents of Bristol Township, Bucks County, Pennsylvania, within the Eastern District of Pennsylvania.
5. Sam Fenton was at all relevant times acting under the color of law as the duly elected Mayor of Bristol Township, within the Eastern District of Pennsylvania.
6. James McAndrew was at all relevant times acting under the color of law as the duly appointed Police Chief of Bristol Township within the Eastern District of Pennsylvania. The Chief and Lorady are first cousins.
7. Don Lorady was at all relevant times acting under the color of law as a duly elected Council person of Bristol Township and a Constable of the Commonwealth of Pennsylvania within the Eastern District of Pennsylvania. Lorady and Fenton are step brothers. He has subsequently resigned but still resides within Bristol Township.
8. John Lipsack was at all relevant times acting under the color of law as a Deputy Constable of the Commonwealth of Pennsylvania who is the husband of Karen Lipsack, a member of the Bristol Township Council residing within the Eastern District of Pennsylvania.
9. Karen Lipsack was at all relevant times acting under the color of law as a member of the Bristol Township Council, and the wife of John Lipsack, residing within the Eastern District of Pennsylvania.

10. The Bristol Township Police Department is an agency of the Bristol Township municipal government within the Eastern District of Pennsylvania under the command and control of Defendant Police Chief McAndrew who at all times act under the color of law.

11. Bristol Township is a municipal corporation acting under the color of law at all relevant times within the Eastern District of Pennsylvania and is the employer of defendants Mayor Fenton, Police Chief McAndrew, Councilman Lorady, Councilwoman Karen Lipsack and the Bristol Township Police Department.

**Facts**

12. On Election Day, November 8, 2005, defendants Mayor Sam Fenton and Councilwoman Karen Lipsack, among others, were running for reelection in Bristol Township.

13. James Baker, a dues paying member of the union local 269 IBEW, was electioneering for Bucks County candidates and Bristol Township officials in Bristol Township, including Defendants Fenton and Lipsack, in a Get Out the Vote (GOTV) effort.

14. After the polls closed, James and Cathy Baker attended a Bristol Township Democratic Party social function at Georgine's restaurant to await the election returns.

15. On or about November 8, 2005, at approximately 10:00 pm, Plaintiffs James and Cathy Baker left Georgine's Restaurant in Bristol Township.

16. As the Bakers were walking through the Georgine's parking lot, Plaintiffs walked past Defendant John Lipsack and Council Person elect Linda Tarlini. Defendant John Lipsack accosted Baker and accused him of "cutting" his wife, Karen Lipsack, from

the palm cards and/or goldenrod ballots used by Baker and his fellow union members who were working the GOTV effort during the day.

17. Baker ignored Lipsack.

18. Subsequently, James Baker exchanged words with Lipsack while walking away from Lipsack.

19. Lipsack followed Baker to where Baker had earlier parked his vehicle and assaulted him. Lipsack shoved James Baker and put him in a headlock.

20. An altercation ensued and subsequently Defendants Mayor Sam Fenton and Councilman Don Lorady intervened in an effort to aid Lipsack.

21. Fenton and Lorady stood James Baker up and allowed Lipsack to punch and kick James Baker while restraining Baker from defending himself.

22. Fenton viciously assaulted James Baker and struck him behind his knee causing serious and permanent injury to Baker.

23. At all relevant times, Mayor Fenton and Councilman Lorady were elected officials acting under color of law. Lorady was also acting under the color of law as a Constable of the Commonwealth of Pennsylvania.

24. At all relevant times, John Lipsack was acting in his capacity as a deputy constable of the Commonwealth and was acting under color of law.

25. At all relevant times, Sam Fenton, Don Lorady and John Lipsack had no legal cause or excuse to assault Plaintiff James Baker.

26. Plaintiff Cathy Baker came to her husband's aid, asked Defendants Fenton, Lorady and John Lipsack to stop beating her husband and she was then assaulted by Defendant Mayor Sam Fenton.

27. At no time was there any police presence at the scene of these events in Georgine's parking lot.

28. At all times during the events described above, the defendant elected and appointed officials, Fenton, Lorady and John Lipsack, were engaged in a joint venture. Defendants Fenton and Lorady and John Lipsack assisted each other in performing the various actions described and lent their physical presence and support and the authority of their respective offices, to wit, Mayor, Counsel Person/Constable and Deputy Constable of the Commonwealth, to each other during the said events.

29. As a direct and proximate result of the acts of defendants John Lipsack, Lorady and Fenton, Plaintiff James Baker suffered the following injuries and damages:

    a. Physical pain and suffering, emotional trauma and suffering, requiring the expenditure of money for treatment.

    b. Loss of income from the inability to perform normal work because of the injuries mentioned above.

30. As a direct and proximate result of the acts of defendants John Lipsack, Lorady and Fenton Plaintiff Cathy Baker suffered the following injuries and damages:

    a. Physical pain and suffering and emotional upset;

    b. Loss of spouse's income, services, protection, care, assistance, society companionship, comfort, guidance, counsel and advice and was forced to incur medical expenses.

31. The actions of defendants John Lipsack, Lorady and Fenton violated the clearly established and well settled federal constitutional right of Plaintiffs James and Cathy

Baker to be free from excessive, unreasonable and unjustified force against their persons.

32. At no time during events described above, was Plaintiff James Baker intoxicated, incapacitated or a threat to the safety of himself or others.

33. Subsequently, upon information and belief, Defendants Fenton, Lorady and Karen Lipsak conspired with Police Chief McAndrew, Lorady's first cousin, to have Plaintiff James Baker arrested for assault and various other charges in order to cover up and divert public attention from the involvement of elected officials in the brutal and unwarranted physical attacks on Plaintiffs.

**COUNT I**

**42 U.S.C. § 1983 Against Individual Defendants**

34. Paragraphs 1 through 33 are incorporated herein by reference as though fully set forth.

35. Plaintiffs James and Cathy Baker claim damages for injuries set forth above under 42 U.S.C. § 1983 against all defendants for violations of his constitutional rights under color of law.

**COUNT II**

**Assault and Battery Against Individual Defendants Fenton, Lorady and John Lipsack**

36. Paragraphs 1 through 33 are incorporated herein by reference as though fully set forth.

37. Defendants Fenton, Lorady and Lipsack assaulted and battered Plaintiffs James and Cathy Baker.

38. As a result of this assault and battery, Plaintiffs suffered damages as aforesaid.

## COUNT III

## False Arrest Against Defendant Police Chief James McAndrew

39. Paragraphs 1 through 33 are incorporated herein by reference as though fully set forth.

40. Defendant Police Chief James McAndrew, under color of law, ordered the Bristol Township Police officers to issue a citation to James Baker only arising out the events on November 8, 2005 in Georgine's parking lot.

41. As a result of this false arrest, the plaintiffs suffered damages as aforesaid.

## COUNT IV

## CONSPIRACY TO VIOLATE CIVIL RIGHTS

42. Paragraphs 1 through 33 are incorporated herein by reference as though fully set forth.

43. Defendants Police Chief James McAndrew, Mayor Sam Fenton, Council Persons Don Lorady, the first cousin of Police Chief McAndrew, and Karen Lipsack, spouse of John Lipsack, under color of law, conspired with each other to have the Bristol Township Police prosecute Plaintiff James Baker as a result of the events described above in Georgine's parking lot on the evening of November 8, 2005 upon the order of the Police Chief.

44. Defendant Police Chief James McAndrew, under color of law, ordered the Bristol Township Police officers to issue a citation to James Baker only arising out the events on November 8, 2005 in Georgine's parking lot.

45. As a result of this conspiracy between elected officials and the Police Chief, Plaintiffs suffered damages as aforesaid.

WHERFORE, the Plaintiffs request that this Court:

a. Award compensatory and punitive damages to Plaintiffs James and Cathy Baker against the defendants individually and jointly and severally;
b. Award compensatory and punitive damages to Plaintiffs James and Cathy Baker against the defendants in their official capacities;
c. Award costs of this action to the Plaintiffs;
d. Award reasonable attorney fees and costs to Plaintiffs;
e. Award such other and further relief as this Court may deem appropriate.

The Plaintiff hereby demands a jury trial.

Respectfully submitted,

LAWRENCE M. OTTER, ESQUIRE
ATTORNEY FOR PLAINTIFFS
Attorney ID No: 31383
PO BOX 2131
Doylestown, PA 18901
215-230-5330
215-230-7197(fax)
email: larryotter@hotmail.com