IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES BAKER and CATHY BAKER | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 07-04081 |
| SAM FENTON, et al. | : | |

**MEMORANDUM**

**Baylson, J.**                                                                **March 5, 2008**

**I.   Introduction**

Plaintiffs, James and Cathy Baker, ("Plaintiffs") bring an action for money damages pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, the Fourth and Fourteenth Amendment of the United States Constitution, and the common law of Pennsylvania.[1] Claims are brought against several Defendants, both in their individual and official capacities as elected officials and appointed law enforcement officers. (Doc. No. 1). Plaintiffs claim that federal jurisdiction is based upon 28 U.S.C. §§ 1331 and 1334, and upon supplemental jurisdiction of this Court to entertain claims arising under state law. See 28 U.S.C. § 1367. Defendants ("Defendants") are Sam Fenton, Mayor of Bristol Township; James McAndrew, Police Chief of Bristol Township; Don Lorady, Councilman of Bistrol Township and Pennsylvania Constable; John Lipsack, Pennsylvania Constable; Karen Lipsack, Councilperson of Bristol County; and Bristol Township. Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that Plaintiffs fail to state a claim upon which relief can be granted as to their federal claims and that, therefore, the Court lacks jurisdiction over all claims. (Doc. Nos. 6, 7, 12, 13). Defendants also

---

[1] Though 42 U.S.C. § 1985 is not mentioned in Plaintiffs' Complaint, the Court has read Plaintiffs' claims of conspiracy to violate their constitutional rights as claims pursuant to 42 U.S.C. § 1985(3).

argue that Plaintiffs cannot state a claim against Bristol Township because they do not allege a pattern and practice of discrimination. (Doc. No. 6); see Monell v. New York City Department of Social Services, 436 U.S. 658, 694 (1978). For the reasons set forth below, the Court denies Defendants' Motions to Dismiss as to Sam Fenton, James McAndrew, Don Lorady, John Lipsack, and Karen Lipsack. The Court grants Defendants' Motion to Dismiss as to Bristol Township without prejudice. Plaintiffs have withdrawn their claims against Bristol Township Police Department, all claims of false arrest, and the claim of malicious prosecution. (See Doc. No. 15 at 5, 7). Therefore, the Court believes that the claims that remain are: violations of 42 U.S.C. § 1983 against all individual Defendants; assault and battery of James and Cathy Baker by Sam Fenton, Don Lorady, and John Lipsack; and conspiracy to violate James Baker's civil rights under 42 U.S.C. § 1985 against all individual Defendants.

The Court notes that Defendants assert that Plaintiffs make incorrect claims as to the damages and fees to which they are entitled. The Court will not address these matters at this time. Defendants may raise these issues in any post-discovery motions they may file.

## II. Background

On November 8, 2005, Defendants Mayor Sam Fenton and Councilwoman Karen Lipsack were running for reelection in Bristol Township. (Compl. at ¶ 12). At approximately 10:00 pm, Plaintiffs were leaving Georgine's Restaurant in Bristol Township, the scene of an election night party, when they encountered Defendants in the restaurant's parking lot. (Id. at ¶¶ 15-16). Plaintiffs allege that Mr. Lipsack "accosted [James] Baker and accused him of 'cutting' his wife, Karen Lipsack, from . . . ballots used by Baker and his fellow union members . . ." (Id. at ¶ 16). Plaintiffs further allege that after a heated exchange, Mr. Lipsack followed Plaintiffs to

their car where Lipsack assaulted Mr. Baker, shoved him, and put him in a headlock." (Id. at ¶ 19). In the ensuing struggle, plaintiffs allege that Defendants Sam Fenton and Councilman Don Lorady came to assist Mr. Lipsack. (Id. at ¶ 20). "Fenton and Lorady stood James Baker up and allowed Lipsack to punch and kick James Baker while restraining Baker from defending himself." (Id. at ¶ 21). Particularly, "Fenton viciously assaulted James Baker and struck him behind his knee causing serious and permanent injury to Baker." (Id. at ¶ 22). When Cathy Baker came to her husband's aid, Plaintiffs allege that Sam Fenton assaulted her as well. (Id. at ¶ 26).

Plaintiffs allege that Mr. Baker suffered injuries and damages including "[p]hysical pain and suffering, emotional trauma and suffering, requiring the expenditure of money for treatment," along with loss of income from the inability to perform normal work because of the injuries. (Id. at ¶ 29). Cathy Baker's alleged injuries include physical pain and suffering and emotional upset, along with "loss of spouse's income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice." (Id. at ¶ 30). She also claims she was "forced to incur medical expenses." (Id.)

Plaintiffs further argue that subsequent to the incident in the restaurant parking lot, "Defendants Fenton, Lorady and Karen Lipsack conspired with Police Chief McAndrew, Lorady's first cousin, to have Plaintiff James Baker arrested for assault and various other charges in order to cover up and divert public attention from the involvement of elected officials in the brutal and unwarranted physical attacks on Plaintiffs." (Id. at ¶ 33).

Plaintiffs have brought causes of action under 42 U.S.C. § 1983 against the Defendants Sam Fenton, James McAndrew, Don Lorady, John Lipsack, Karen Lipsack, and Bristol County

for "violations of constitutional rights under color of law." (Id. at ¶ 35).

Plaintiffs allege that Sam Fenton, Don Lorady, and John Lipsack assaulted and battered them without cause. (Id. at ¶ 37).

Plaintiffs allege that Defendants, Chief James McAndrew, Mayor Sam Fenton, Council Persons Don Lorady and Karen Lipsack, and John Lipsack, acting under color of law, conspired with each other to have the Bristol Township Police prosecute Plaintiff James Baker as a result of the events in Georgine's parking lot on November 8, 2005. (Id. at ¶ 43).

Plaintiff's Complaint alleged that Bristol County Police Chief James McAndrew, under color of law, improperly ordered James Bakers' arrest and citation. (Id. at ¶ 40). In Plaintiff's Reply to Various Defendants' Motions to Dismiss, however, Plaintiffs withdrew these claims. (Pls.' Reply at 7).

### III. Parties Contentions

Defendants claim that Plaintiffs' Complaint fails to allege a cause of action within this Court's jurisdiction. (Mot. to Dismiss Filed on Behalf of Defs. Sam Fenton, Karen Lipsack, Bristol Township, and the Bristol Township Police Department, at 2), (Def. Police Chief James McAndrew's Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) at 2), (Defs. John Lipsack and Don Lorady's Mot. to Dismiss Pls.' Compl. at 2). More specifically, Defendants claim that: (1) Plaintiff has failed to plead that he was "seized" within the meaning of the Fourth Amendment (Def. Police Chief James McAndrew's Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) at 2); (2) Plaintiffs' claims for conspiracy must be dismissed because Plaintiffs failed to provide the requisite specificity for such a pleading (Id. at 2); (3) Plaintiffs' pleadings are insufficient because they fail to allege with adequate specificity how Police Chief Lorady and Deputy

Constable Lipsack acted under the color of law (Defs.' John Lipsack and Don Lorady's Mot. to Dismiss Pls.' Compl. at 7); (4) Plaintiff James Baker's conviction on criminal charges stemming from the night in question bar his instant federal action (id. at 8).

In Plaintiff's Reply to Various Defendants' Motions to Dismiss, Plaintiffs acknowledge that "Defendants Bristol Township Police Department's legal basis for dismissal is well-founded and Plaintiffs withdraw their claims against the Police Department. Likewise the claim for malicious prosecution is withdrawn." (Pl.'s Reply at 5). Plaintiffs also withdraw their claim of false arrest of Mr. Baker. (Id. at 7).

## IV.  Legal Standards

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

## V.  Discussion

Plaintiffs have met their pleading burden at this stage of the process. A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests. Erikson v. Pardus,

allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b)(6) motion will be granted only when it is certain that no relief could be granted under any set of facts that could be proved by the plaintiff. Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

**IV.    Discussion**

Plaintiffs have met their burden at this stage of the process. A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests. Erikson v. Pardus, 127 S.Ct. 2197, 2200 (2007).

Claims pled pursuant to 42 U.S.C. § 1983 do not require a heightened standard of pleading. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993). Therefore, while Defendants' arguments as to the deficiencies of Plaintiffs' claims may be relevant in a Summary Judgment argument, they are premature at this juncture.

In Plaintiffs' Reply to Various Defendants' Motions to Dismiss, Plaintiffs acknowledge that they have no legal basis for their claims against the Bristol County Police Department and dismiss their claims against it. (Pl.'s Reply at 5). With regard to Plaintiff's remaining claim against Bristol Township, Plaintiffs have failed to sufficiently state a basis for such a claim. Monell, 436 U.S. at 694 (1978) (holding that a local government cannot be sued pursuant to 42 U.S.C. § 1983 for an injury inflicted solely by its employees if employees' actions were not a result of some government custom or policy). It may have been Plaintiffs' intention to dismiss

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES BAKER AND CATHY BAKER | : | CIVIL ACTION |
| v. | : | |
| SAM FENTON, et al. | : | NO. 07-4081 |

FILED

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## ORDER

AND NOW, this 5th day of March, 2008, it is hereby ORDERED that Defendants' Motions to Dismiss pursuant to Federal Rule of Procedure 12(b)(6):

(1) are DENIED as to Sam Fenton;

(2) are DENIED as to James McAndrew;

(3) are DENIED as to Don Lorady;

(4) are DENIED as to John Lipsack;

(5) are DENIED as to Karen Lipsack;

(6) are GRANTED as to Bristol Township. Plaintiffs' claims against Bristol Township are DISMISSED WITHOUT PREJUDICE.

BY THE COURT:

/s/ Michael M. Baylson
Michael M. Baylson, U.S.D.J.

O:\CIVIL 07-08\07-4081 Baker v. Fenton\motion to dismiss memo opinion and order.wpd

cc: Gonzales
Komarnicki
Sellers
Otter
Haft