IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES BAKER and CATHY BAKER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 07-04081 |
| SAM FENTON, et al. | : | |

**MEMORANDUM**

**Baylson, J.**                                                          **March 20, 2008**

**I.    Background Information**

**A.    Facts**

This case arises out of a physical altercation that occurred on Election Day, November 8, 2005, in Bristol Township, Bucks County, Pennsylvania. Defendant Sam Fenton, Mayor of Bristol Township, and Defendant Karen Lipsack, former Councilwoman for Bristol Township, were both up for re-election. After the election, there was a post-election gathering for the Bristol Township Democrats at Georgine's Restaurant.

Present at the gathering were Defendants Karen Lipsack and John Lipsack, the husband of Karen Lipsack and a constable for the township, and Plaintiff James Baker, a member of a local union who was participating in an electioneering effort called "Get Out the Vote" during the election. Also present was James Baker's wife, Cathy Baker.

Two other Defendants in this case are Sam Fenton, Mayor of Bristol Township, and Don Lorady, a Councilman and constable for the township. Both Mayor Fenton and Mr. Lorady were originally at the restaurant on November 8, 2005, but had left to obtain election results prior to the start of the altercation in the parking lot. They returned as the altercation was escalating. The final defendant, James McAndrew, Chief of Police of Bristol Township, was not at the gathering

and was not involved in the altercation that followed.

According to Plaintiff's deposition testimony, as Plaintiff was leaving Georgine's Restaurant, John Lipsack accused Baker of "cutting the ticket." James Baker later explained that the phrase referred to when "you cut a person off and you vote for someone else instead of going with the party ticket." (James Baker dep., p. 81). John Lipsack asserted that James Baker responded to his accusation with a verbal threat to run over John Lipsack with his car. Plaintiffs do not dispute that fact but allege that John Lipsack next began walking towards James Baker.

What started as a verbal exchange between John Lipsack and James Baker in the parking lot then escalated into a physical altercation. James Baker testified in his deposition that John Lipsack "shoved me and I swung at him . . . and he got me into a headlock and he was choking me." According to the testimony, Defendants Fenton and Lorady arrived at the scene upon returning from their trip to collect election results. Defendants Fenton and Lorady then became involved in the physical altercation, although there is conflicting testimony as to the nature and extent of their involvement.

The testimony of several witnesses also reflect that at some point during the altercation, one of the Defendants called for "cuffs." However, the testimony is conflicting as to whether that request was made by Defendant Lorady or by Defendant Fenton. At some point, police responded to the scene, but Plaintiffs had already driven home when the police arrived. Police Officer Caron later interviewed Plaintiff James Baker at the hospital, where he was being treated for injuries sustained during the brawl.

The next day, November 9, 2005, a disorderly citation was issued against Plaintiff by Police Officer Caron, who testified that she was instructed by Chief McAndrew to issue the

disorderly conduct citation. There is no evidence in the record as to why Chief McAndrew ordered Officer Caron to lodge the disorderly conduct citation. At a hearing, Baker was convicted of disorderly conduct and was fined. He did not appeal.

Patrolman Caron testified that she was upset with the order from McAndrew to cite only Baker because she thought it was "unethical" not to cite the others as well. Caron initially refused to obey the order and issue the citation, but eventually did so when she was advised that she would be disciplined if she did not obey.

The Court is obliged to take the conflicting evidence in the light most favorable to the Plaintiffs for purposes of summary judgment.

### B. Procedural History

Plaintiffs filed their complaint on September 8, 2007. (Doc. 1). In their Complaint, Plaintiffs alleged four Counts: (1) violation by all defendants of Plaintiffs 4th and 14th Amendment rights under § 1983; (2) common law assault and battery by Defendants John Lipsack, Fenton, and Lorady; (3) false arrest and malicious prosecution by Defendant McAndrew; and (4) conspiracy to violate Plaintiffs' constitutional rights by all Defendants. Plaintiffs agreed to drop Count III alleging false arrest and malicious prosecution. All Defendants moved to dismiss the Complaint under Rule 12(b)(6), but this Court denied those motions in a Memorandum and Order on March 5, 2008. (Doc. 18).

Plaintiffs basically allege two separate constitutional violations: one arising from the altercation outside of Georgine's Restaurant and the other arising from a conspiracy to issue a citation to Plaintiff James Baker but not to any of the other participants in the altercation. Plaintiffs further suggest that the Defendants can be held liable for the violations arising out of

the altercation both directly for their participation and under a conspiracy theory.

All Defendants have now moved for summary judgment, arguing that despite the completion of discovery, Plaintiffs have not produced enough facts to sustain their burden at trial on any of the claims. According to Defendants, they are therefore entitled to judgment as a matter of law. A District Court may grant summary judgment where a plaintiff has "provided no factual basis upon which a reasonable jury could find in their favor." Groman v. Township of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995).

The Court held extensive oral argument on this case on March 13, 2009. Following oral argument, the Court first concluded that there was no evidence as to Defendant Karen Lipsack's involvement in either the altercation or in a conspiracy to not cite any of the other participants in the altercation. Thus the Court indicated that it would grant summary judgment in favor of Defendant Karen Lipsack.

The Court also advised counsel that there was no evidence to hold Chief McAndrew, or any of the other Defendants, liable for selectively prosecuting only the Plaintiff under a conspiracy theory. The Court found that there was no evidence that Chief McAndrew's lodging of the disorderly conduct citation against Plaintiff but not against the other participants was the result of any communication from any of the other individuals involved. Thus, there was no evidence that Chief McAndrew had any sort of agreement or understanding with the other Defendants to prove a conspiracy. Also, the Court found that Plaintiff had failed to show how Chief McAndrew's actions reflected any diminution of Plaintiff's civil rights and that Defendant McAndrew was otherwise entitled to qualified immunity. As a result, the Court indicated that it would grant summary judgment in favor of all Defendants on the claim of conspiracy to

selectively prosecute only Plaintiff James Baker.

Turning to the Plaintiffs' remaining federal claim regarding the physical altercation, at the conclusion of oral argument, the Court outlined two possible theories of liability as to Defendants John Lipsack, Fenton, and Lorady.

Initially, the Court noted that conceptually, Plaintiff had a viable civil rights claim because, from Plaintiff's testimony, he was attacked because he exercised his First Amendment rights in Election Day activities.  A free society cannot survive if election participants, because of party affiliation or otherwise, urge people to vote one way or another, but suffer physical violence because of their Election Day activities.  Similarly, the Court indicated that Plaintiff may have a viable claim for excessive force given the alleged circumstances of the altercation.

The Court requested briefing on the following two theories:

1. **Theory Number One: Defendant John Lipsack**

Assuming that there is any evidence that John Lipsack was acting under color of state law, as a constable, his attack on Plaintiff was unwarranted and arguably in retaliation for Plaintiff's electioneering activities.  The issue is whether there is sufficient evidence that John Lipsack was acting under color of state law.

2. **Theory Number Two: Defendants Fenton and Lorady**

The second theory concerns whether Defendants Lorady and Fenton could be liable.  As the Court found after the argument, there was evidence that when these Defendants come upon the scene, John Lipsack and Plaintiff were already involved in the altercation, and Fenton and Lorady had no idea as to the origin of the altercation.  Whether they could be liable for the excessive force based on their alleged assistance to John Lipsack, as reflected in the deposition

testimony, may depend on whether any defendant was acting under color of state law.

## II.   Conclusion

The Plaintiff has since advised that he intends to give up the federal claims.

It is clear that Plaintiff has stated a claim for common law assault and battery. The Court indicated at the close of oral argument that if there was no federal claim, it was likely to dismiss the case without prejudice so that the Plaintiffs could bring that claim in state court. However, the Court has decided otherwise and will schedule the case for trial as to the claim of assault and battery.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES BAKER AND CATHY BAKER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SAM FENTON, et al. | : | NO. 07-4081 |

## ORDER

The Court held a recorded conference call with all counsel on March 18, 2009, at which the Court advised that the Plaintiffs' federal claims would be dismissed for the reasons stated in the foregoing Memorandum. As Plaintiffs requested, the Court is prepared to exercise supplemental jurisdiction on the remaining claim of assault and battery against Defendants John Lipsack, Sam Fenton and Don Lorady.

Defense counsel advised the Court that they had been retained to represent these Defendants only on the federal claims, and therefore, these Defendants would require time to ascertain legal representation as to the common law assault and battery claim. This is a reasonable request, provided these individual Defendants make appropriate arrangements for legal representation with reasonable promptness, and if not, may be required to defend themselves pro se.

The Court will schedule a final pretrial conference for April 30, 2009 at 4:00 p.m. in Courtroom 3A with all counsel. If any Defendant is not represented by that time, that Defendant shall appear in person at the conference. The purpose of this conference will be to set a trial date, take care of any other scheduling matters relating to this case, and determine if the parties want a settlement conference.

In accordance with the foregoing Memorandum, it is hereby ORDERED as follows:

1. All federal claims against Defendants are DISMISSED.

2. Defendants James McAndrew and Karen Lipsack are DISMISSED as parties in this case.

3. Defendants Sam Fenton, Don Lorady and John Lipsack remain as Defendants on Count II, the charge of common law assault and battery.

BY THE COURT:

s/Michael M. Baylson

Date:   3/20/09

Michael M. Baylson, U.S.D.J.

O:\CIVIL 07-08\07-4081 Baker v. Fenton\Baker - Memo MSJ.wpd